UNITED STATES of America, Plaintiff-Appellee,

v.

Elias Miguel BARRERA-MEDINA, Defendant-Appellant.

No. 16-10173

United States Court of Appeals, Ninth Circuit.

Submitted December 14, 2016 *

Filed December 19, 2016

Jason Hitt, USSAC—Office of the US Attorney, Sacramento, CA, for Plaintiff-Appellee

---

\* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R. App. P. 34(a)(2).

Elias Miguel Barrera-Medina, Pro Se

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM \*\*

Elias Miguel Barrera-Medina appeals pro se from the district court's order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barrera-Medina contends that he is entitled to a sentence reduction under Amendment 782 to the Sentencing Guidelines. We review de novo whether a district court had authority to modify a sentence under section 3582(c)(2). *See United States v. Leniear,* 574 F.3d 668, 672 (9th Cir. 2009). The district court correctly concluded that Barrera-Medina is ineligible for a sentence reduction because Amendment 782 did not lower his applicable sentencing range. *See* 18 U.S.C. § 3582(c)(2); *Leniear,* 574 F.3d at 673–74.

Barrera-Medina's challenges to the sentencing court's drug quantity calculations are not cognizable in a section 3582(c)(2) proceeding. *See Dillon v. United States,* 560 U.S. 817, 826, 130 S.Ct. 2683, 177 L.Ed.2d 271 (2010) (section 3582(c)(2) authorizes "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding").

**AFFIRMED.**

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).